

**CORPORATION SERVICE COMPANY**®

# Notice of Service of Process

null / ALL
Transmittal Number: 14754211
Date Processed: 02/04/2016

| | |
|---|---|
| Primary Contact: | Davena D. Morgan<br>Golden Living<br>1000 Fianna Way<br>Fort Smith, AR 72919 |
| Copy of transmittal only provided to: | Brenda Boster<br>Ms. Amy Nguyen<br>Ms. Lisa Lowther |
| Entity: | GGNSC Stanford LLC<br>Entity ID Number  2499249 |
| Entity Served: | GGNSC Stanford LLC d/b/a Golden Living - Stanford |
| Title of Action: | Evan Tucker, Poa for Wanda Tucker vs. GGNSC Stanford LLC d/b/a Golden Living - Stanford |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Personal Injury |
| Court/Agency: | Lincoln County Circuit Court, Kentucky |
| Case/Reference No: | 16-CI-00030 |
| Jurisdiction Served: | Kentucky |
| Date Served on CSC: | 02/04/2016 |
| Answer or Appearance Due: | 20 Days |
| Originally Served On: | CSC |
| How Served: | Certified Mail |
| Sender Information: | Jeffrey T. Sampson<br>502-584-5050 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

| AOC-105  Summons Type: CI | | Case No. 16-CI-00030 |
| --- | --- | --- |
| Rev. 11-95 | | Court CIRCUIT |
| Commonwealth of Kentucky  Court of Justice | CIVIL SUMMONS | County Lincoln |
| CR 4.02; CR Official Form 1 | | |

Evan Tucker, POA for Wanda Tucker                    PLAINTIFF

VS.

GGNSC Stanford LLC
d/b/a Golden Living - Stanford                              DEFENDANT

      Serve:    Corporation Service Company
                    421 West Main Street
                    Frankfort, Kentucky 40601

THE COMMONWEALTH OF KENTUCKY
TO THE ABOVE-NAMED DEFENDANTS:

    You are hereby notified that a legal action has been filed against you in this court demanding relief as shown on the document delivered to you with this summons. Unless a written defense is made by you or by an attorney on your behalf and filed in the clerk's office within 20 days following the day this paper is delivered to you. judgment by default may be taken against you for the relief demanded in the attached complaint.

    The name(s) and address(es) of the party or parties demanding such relief against you or his (their) attorney(s) are shown on the document delivered to you with this summons.

Date: 2-1-16                    Clerk: Teresa Reed
                                        By: Stephen Doyle  D.C.

**PROOF OF SERVICE**

This summons was served by delivering a true copy and the complaint (or other initiating document) to:

_____

This _____ day of _____, 20 ____.

Served By: _____

NO. 16-CI-00030



FILED
TERESA REED, CLERK
FEB 01 2016
LINCOLN CIR/DIST. COURT
BY _____ D.C.

LINCOLN CIRCUIT COURT
DIVISION I

EVAN TUCKER, POA FOR
WANDA TUCKER

PLAINTIFF

## COMPLAINT

GGNSC STANFORD LLC
d/b/a GOLDEN LIVING – STANFORD

DEFENDANT

    Serve:    Corporation Service Company
                421 West Main Street
                Frankfort, Kentucky 40601

Comes the Plaintiff, Evan Tucker, Power of Attorney for Wanda Tucker, by and through counsel, and for their causes of action against the Defendant states as follows:

1. Wanda Tucker was admitted as a resident of Golden Living - Stanford located at 105 Harmon Heights, Stanford, Kentucky 40484 on April 15, 2015.

2. The Defendant, GGNSC Stanford LLC is a foreign limited liability company organized under the laws of Delaware authorized to do business in the Commonwealth of Kentucky for profit. The registered agent for service of process is Corporation Service Company, 421 West Main Street, Frankfort, Kentucky 40601.

3. Upon information and belief, at all times material to this action, Defendant GGNSC Stanford, LLC operated, managed, controlled, and/or provided services for Golden Living Stanford in Stanford, Lincoln County, Kentucky. Upon information and belief, Defendant GGNSC Stanford, LLC was, at all times material to this action, the "licensee" of the nursing facility. Under the laws and regulations promulgated and enforced by the Cabinet for Health and Family Services, as licensee of the facility, GGNSC Stanford, LLC was legally responsible for that facility and for ensuring compliance with all laws and regulations related to the operation of the facility. The causes of action made

the basis of this suit arise out of such business conducted by said Defendant, GGNSC Stanford, LLC in the ownership, operation, management, control, licensing and/or services provided for the facility during the residency of Wanda Tucker.

4. The Defendant controlled the operation, planning, management, budget and quality control of Golden Living Stanford. The authority exercised by Defendant over the nursing facility included, but was not limited to, control of marketing, human resources management, training, staffing, creation, and implementation of all policies and procedures used by nursing facilities in Kentucky, federal and state reimbursement, quality care assessment and compliance, licensure and certification, legal services, and financial, tax and accounting control through fiscal policies established by Defendant.

5. Jurisdiction and venue are proper in this Court.

## FACTUAL ALLEGATIONS

6. Wanda Tucker was admitted as a resident of Golden Living Stanford on April 15, 2015 where she remained until May 5, 2015 when she was discharged home.

7. Wanda Tucker was looking to Defendant for treatment of her total needs for custodial, nursing and medical care and not merely as a site where others not associated with the facility would treat her.

8. At all relevant times mentioned herein, the Defendant owned, operated, managed and/or controlled Golden Living Stanford, either directly, through a joint enterprise, partnership and/or through the agency of each other and/or other diverse subalterns, subsidiaries, governing bodies, agents, servants or employees.

9. Defendant is directly or vicariously liable for any acts and omissions by any person or entity, controlled directly or indirectly, including any governing body, officer,

employee, ostensible or apparent agent, partner, consultant or independent contractor, whether in-house or outside individuals, entities or agencies.

10. Defendant failed to discharge their obligations of care to Wanda Tucker with a conscious disregard for her rights and safety. At all times mentioned herein, Defendant, through their corporate officers and administrators, had knowledge of, ratified and/or otherwise authorized all of the acts and omissions that caused the injuries suffered by Wanda Tucker, as more fully set forth below. Defendant knew that this facility could not provide the minimum standard of care to the weak and vulnerable residents of Golden Living Stanford.

11. Due to the wrongful conduct of Defendant, Wanda Tucker suffered accelerated deterioration of her health and physical condition beyond that caused by the normal aging process, as well as the following injuries:

    a)     Dehydration;

    b)     Over medication;

    c)     Head injury from falling television;

    d)     Failure to timely respond to requests for care;

    e)     IV infiltration; and

    d)     Skin tears/breakdown.

## NEGLIGENCE

12. Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 - 11 as if fully set forth herein.

13. Defendant owed a non-delegable duty to Wanda Tucker to provide the custodial care, services and supervision that a reasonably careful nursing home would provide under similar circumstances.

14. Upon information and belief, Defendant knowingly developed and maintained staffing levels at the facility in disregard of patient acuity levels as well as the minimal time to perform the essential functions of providing care to Wanda Tucker.

15. Defendant negligently failed to deliver care, services and supervision, including, but not limited to, the following acts and omissions:

    a) Failure by the members of the governing body of the facility to discharge their legal and lawful obligation by:

        1) Ensuring that the rules and regulations designed to protect the health and safety of the residents, such as Wanda Tucker, as promulgated by the Cabinet for Health and Family Services, Division of Long Term Care;

        2) ensuring compliance with the resident care policies for the facility; and

        3) ensuring that appropriate corrective measures were implemented to correct problems concerning inadequate resident care.

    b) Failure to provide a facility that was sufficiently staffed with personnel that was properly qualified and trained;

    c) Failure to provide the minimum number of qualified personnel to meet the total needs of Wanda Tucker;

    d) Failure to maintain all records on Wanda Tucker in accordance with accepted professional standards and practices:

    e) Failure to ensure that Wanda Tucker received adequate and proper nutrition, fluids, supervision, therapeutic, and skin care;

f) Failure to increase the number of personnel at the facility to ensure that Wanda Tucker received timely and appropriate custodial care, including, but not limited to, bathing, grooming, incontinent care, personal attention and care to her skin, feet, nails, and oral hygiene;

g) Failure to have in place adequate guidelines, policies and procedures of the facility and to administer those policies through enforcement of any rules, regulations, by-laws or guidelines;

h) Failure to take all necessary and reasonable custodial measures to prevent the onset and progression of pressure sores during Wanda Tucker's residency;

i) Failure to monitor or increase the number of nursing personnel at the facility to ensure that Wanda Tucker:

1) received timely and accurate care assessments;

2) received prescribed treatment, medication and diet; and

3) received timely custodial, nursing and medical intervention due to a significant change in condition.

j) Failure to take reasonable steps to prevent, eliminate and correct deficiencies and problems in resident care at the facility;

k) Failure to provide a safe environment for care, treatment and recovery, and to exercise ordinary care and attention for the safety of Wanda Tucker in proportion to her particular physical and mental ailments, known or discoverable by the exercise of reasonable skill and diligence;

l) Failure to provide adequate hygiene and sanitary care to prevent infection; and

m) Failure to provide proper custodial care.

16. A reasonably careful nursing facility would not have failed to provide the care listed above. It was foreseeable that these breaches of ordinary care would result in serious injuries to Wanda Tucker. With regard to each of the foregoing acts of negligence, Defendant acted with oppression, fraud, malice or was grossly negligent by acting with wanton or reckless disregard for the health and safety of Wanda Tucker.

17. Pursuant to KRS 446.070, Plaintiff also alleges Defendant violated statutory and regulatory duties of care, the violations of which are actionable as negligence *per se*. Wanda Tucker was injured by the statutory violations of Defendant and was within the class of persons for whose benefit the statutes were enacted and who was intended to be protected by these statutes. The negligence *per se* of Defendant included, but is not limited to, violation(s) of the following:

a) Violation(s) of KRS 209.005 et seq. and the regulations promulgated thereunder, by abuse, neglect and/or exploitation of Wanda Tucker;

b) Violation(s) of KRS 508.090 *et seq.*, criminal abuse, by committing intentional, wanton or reckless abuse of Wanda Tucker, who was physically helpless or mentally helpless or permitting Wanda Tucker, a person of whom Defendant had actual custody, to be abused. Such abuse caused serious physical injury, placed Wanda Tucker in a situation that might cause her serious physical injury, and/or caused torture, cruel confinement or cruel punishment of Wanda Tucker.

c) Violation(s) of KRS 530.080 et seq., endangering the welfare of an incompetent person, by knowingly acting in a manner which resulted in an injury to the physical and/or mental welfare of Wanda Tucker, who was unable to care for herself because of her illness;

d) Violation(s) of KRS 506.080, criminal facilitation of criminal act(s), by acting with knowledge that another person or entity was committing one or more of the foregoing criminal acts or intending to commit one or more of the foregoing criminal acts, and engaged in conduct which knowingly provided another person or entity the means or opportunity for the commission of such criminal act(s) and which in fact aided another person or entity to commit the criminal act(s); and/or

e) Violation(s) of the statutory standards and requirements governing licensing and operation of long-term care facilities as set forth by the Cabinet for Health and Family Services, pursuant to provisions of KRS Chapter 216 and the regulations promulgated thereunder, as well as the applicable federal laws and regulations governing the certification of long-term care facilities under Titles XVIII or XIX of the Social Security Act.

18. As a direct and proximate result of such grossly negligent, wanton or reckless conduct, Wanda Tucker suffered the injuries described in Paragraph 11. Plaintiff asserts a claim for judgment for all compensatory and punitive damages against the Defendant including, but not limited to, medical expenses, pain and suffering, mental anguish, disability and disfigurement, in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, plus costs and all other relief to which Plaintiff is entitled by law.

## CORPORATE NEGLIGENCE

19. Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 – 18 as if fully set forth herein.

20. Wanda Tucker was looking to Defendant's facility for treatment of her physical ailments and not merely as the situs where others not associated with the facility would treat her for her problems. There is a presumption that the treatment Wanda Tucker received was being rendered through employees of Defendant and that any negligence associated with that treatment would render Defendant responsible. Defendant or persons or entities under their control, or to the extent Defendant was vicariously liable through the ostensible or apparent agency of others, owed a non-delegable duty to residents, including Wanda Tucker, to use the degree and skill which is expected of reasonably competent medical practitioners acting in the same or similar circumstances.

21. Defendant owed a non-delegable duty to assist Wanda Tucker in attaining and maintaining the highest level of physical, mental and psychological well-being.

22. Defendants owed a duty to Wanda Tucker to maintain their facility; including providing and maintaining medical equipment and supplies; and hiring, supervising and retaining nurses and other staff employees.

23. Defendant owed a duty to Wanda Tucker to have in place procedures and protocols that properly care for residents and to administer these policies through enforcement of any rules, regulations, by-laws or guidelines, which were adopted by Defendant to insure smoothly run facilities and adequate resident care.

24. Defendant owed a duty to Wanda Tucker to provide a safe environment, treatment and recovery, and to exercise ordinary care and attention for the safety of residents in proportion to the physical and mental ailments of each particular resident, known or discoverable by the exercise of reasonable skill and diligence. The duty of reasonable care and attention extended to safeguarding Wanda Tucker from danger due to her inability to care for herself. Defendant had a duty to protect Wanda Tucker from any danger which the surroundings would indicate might befall her in view of any peculiar trait exhibited by her or which her mental condition or aberration would suggest as likely to happen.

25. With regard to each of the foregoing acts of negligence, Defendant acted with oppression, fraud, malice, or were grossly negligent by acting with wanton or reckless disregard for the health and safety of Wanda Tucker.

26. As a direct and proximate result of such oppression, fraud, malice, or gross negligence, Wanda Tucker suffered the injuries described herein. Plaintiff asserts a claim for judgment for all compensatory and punitive damages against Defendant including, but not limited to, medical expenses, pain and suffering, mental anguish, disfigurement,

hospitalization and unnecessary loss of personal dignity, in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, plus costs and all other relief to which Plaintiff is entitled by law.

## **VIOLATIONS OF LONG TERM CARE RESIDENT'S RIGHTS**

27. Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 – 26 as if fully set forth herein.

28. Defendant violated statutory duties owed to Wanda Tucker as a resident of a long term care facility, Kentucky Revised Statutes 216.510 *et seq*. These statutory duties were non-delegable.

29. The violations of the resident's rights of Wanda Tucker include:

   a) Violation of the right to be treated with consideration, respect, and full recognition of her dignity and individuality;

   b) Violation of the right to have a responsible party or family member or her guardian notified immediately of any accident, sudden illness, disease, unexplained absence, or anything unusual involving the resident;

   c) Violation of the right to have an adequate and appropriate resident care plan developed, implemented and updated to meet her needs;

   d) Violation of the right to be free from abuse and neglect; and

   e) Violation of the statutory standards and requirements governing licensing and operation of long-term care facilities as set forth by the Cabinet for Health and Family Services, pursuant to provisions of K.R.S. Chapter 216 and the regulations promulgated thereunder, as well as the applicable federal laws and regulations governing the certification of long-term care facilities under Titles XVIII or XIX of the Social Security Act.

30. As a result of the aforementioned violations of the Resident's Rights Statutes by Defendant, pursuant to K.R.S. § 216.515(26), Plaintiff is entitled to recover

actual damages in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, as well as costs and attorney's fees.

31. With regard to the aforementioned violations of the Resident's Rights Act, Defendants acted with oppression, fraud, malice, or were grossly negligent by acting with wanton and reckless disregard for the rights of Wanda Tucker and, pursuant to K.R.S. § 216.515(26), Plaintiff is entitled to punitive damages from Defendant in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, as well as costs and attorney's fees.

## DAMAGES

32. Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 – 31 as if fully set forth herein.

33. As a direct and proximate result of the negligence of Defendant as set out above, Wanda Tucker suffered injuries including, but not limited to, those listed herein. As a result, Wanda Tucker suffered embarrassment and physical impairment.

34. Plaintiff seeks punitive and compensatory damages against all Defendant in an amount to be determined by the jury, plus costs and all other relief to which Plaintiff is entitled by law.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff Evan Tucker, Power of Attorney for Wanda Tucker, prays for judgment against Defendant in an amount to be determined from the evidence, the costs herein expended, and all other relief to which Plaintiff is entitled, including TRIAL BY JURY.

Respectfully submitted,

*/s/ Jeffrey T. Sampson*
Jeffrey T. Sampson
**THE SAMPSON LAW FIRM**
450 South Third Street, 4th Floor
Louisville, Kentucky 40202
Telephone:    (502) 584-5050

ATTORNEY FOR PLAINTIFF



TERESA REED
CIRCUIT COURT CLERK
LINCOLN CIRCUIT, FAMILY & DISTRICT COURTS
LINCOLN COUNTY JUDICIAL CENTER
101 EAST MAIN STREET
STANFORD, KENTUCKY 40484



CERTIFIED MAIL

7013 1710 0001 2049 7742



02 1P  $012.32⁵
0000804228  FEB 01 2016
MAILED FROM ZIP CODE 40484

CI 16-CI-00030
628240

GGNSC STANFORD LLC DBA GOLDEN LIVING STAN
CORPORATION SERVICE COMPANY
421 WEST MAIN STREET
FRANKFORT KY 40601



406013181815 C003